AMBURSEN HYDRAULIC CONST. CO. v. HYDRAULIC PROPERTIES CO.

(District Court, S. D. New York. May 27, 1913.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DAM CONSTRUCTION.

The Ambursen reissue patent, No. 12,246 (original No. 734,796), for improvement in dams, claims 2 and 3, are void for lack of invention, as being for a dam not differing essentially from former structures, except in the substitution of concrete for other materials.

In Equity. Suit by the Ambursen Hydraulic Construction Company against the Hydraulic Properties Company. On final hearing. Decree for defendant.

Edwards, Sager & Wooster, of New York City (Alex. P. Browne and Geo. K. Woodworth, both of Boston, Mass., of counsel), for complainant.

Messimer & Austin, of New York City (Hillary C. Messimer, of New York City, of counsel), for defendant.

HOLT, District Judge. This is a suit to enjoin the alleged infringement of a reissued patent, No. 12,246, granted July 26, 1904, to Nils Frederick Ambursen, for certain improvements in dams. Claims 2 and 3 of the patent are relied on. They are as follows:

"2. A dam comprising a base, an inclined concrete flooring overhanging the base, a plurality of spaced buttresses interposed between the base and flooring, and metallic reinforcing members embedded in the flooring and extending lengthwise thereof and across the buttresses.

"3. A dam comprising a base, spaced buttresses rising therefrom, and a relatively thin inclined concrete flooring supported by and overhanging the buttresses and base, said flooring having metallic reinforcing members extending lengthwise of the flooring and across the buttresses."

There is nothing novel in either of these claims, except the use of concrete in the construction of the flooring. Before the use of concrete dams were made of timber, iron, or steel, or of solid masonry. The complainant's concrete dam is substantially a reproduction in concrete of an old and familiar style of timber dam. The flooring is supported by buttresses with spaces between. The solid masonry dam had become, before the introduction of the concrete dam, the standard form of dam for the retention of large reservoirs of water. The complainant's concrete dam is claimed to have, and I am satisfied from the evidence that it has, various points of superiority over the solid masonry dam. The cost is low. The material is plastic. It forms a solid mass without joints. But that is a feature of all concrete construction. The great development of the use of concrete in recent years has made it a valuable building material for many purposes. Its use alone, or reinforced by iron or steel rods or wires, was well known in other forms of construction when the first concrete dam was built. It was natural that it should have been tried late in dam building because of the great danger arising from any insecurity

in a dam; but it seems to me that it was certain, in the development of the use of concrete, to be ultimately used in dam building. The description and drawing in the original and reissued patent shows a dam with a curved flooring, and great stress is laid, in the descriptions and claims, on the importance of the curved flooring as causing the lines of pressure, perpendicular to the face of the flooring, to lie wholly within the limits of the base of the buttresses. No such dam has been built. All that have been built have a straight flooring. It is claimed that the patent applies to dams with a straight flooring, and, if it were valid in other respects, I think it would apply to them. The patent also describes and claims a method of fastening the buttresses to the base. But no claim is made in this case that the defendant threatens infringement of the curved flooring or of the method of fastening the buttresses described and claimed in the patent. The claim is that under this patent the complainant has a monopoly of dams made of concrete after an old style of wooden dams. The general rule is, of course, that the substitution of one material for another is not invention. Undoubtedly the complainant's form of concrete dam has many advantages; but they seem to me to result simply from the natural qualities of concrete, and not from any newly discovered qualities. The use of concrete for dams has the usual advantages that it has for houses and bridges, and for many other forms of construction. But that does not make its first adoption for a particular use patentable. If this patent is valid, the first maker of a concrete house or bridge or sidewalk was entitled to a patent for the thing made.

The bill is dismissed, with costs.